Elena Vanz and Alex Nunes,

     Plaintiffs,

v.

Simeon Ramsden,
Kipling Ventures Holding Co LLC,
Kipling Reserve LLC,
Reserve Ownership Group LLC,
Keowee River Club, LLC,
KRC Golf Group, LLC,

     Defendants.

**ANSWER TO COMPLAINT**

Defendants Reserve Ownership Group LLC, Keowee River Club, LLC and KRC Golf Group, LLC (hereinafter collectively "Defendants") answer the Complaint of Plaintiffs Elena Vanz and Alex Nunes (hereinafter "Plaintiffs") and state as follows:

**NATURE OF THE ACTION**

Defendants deny that Plaintiffs are entitled to the relief requested. Defendants deny every allegation of the Complaint except as otherwise specifically admitted, explained, or modified herein.

**PARTIES**

1. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore, deny the same.

2. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore, deny the same.

3. Defendants deny the allegations in Paragraph 3.

4.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore, deny the same.

5.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore, deny the same.

6.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore, deny the same.

7.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore, deny the same.

8.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore, deny the same.

9.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore, deny the same.

10.      Defendants admit only that Defendant Reserve Ownership Group, LLC is a corporation incorporated in the State of Delaware with its principal place of business in Athens, Georgia. Defendants deny the remaining allegation in Paragraph 10 of the Complaint.

11.      Defendants deny the allegations in Paragraph 11.

12.      Defendants admit only that Keowee River Club, LLC is a corporation incorporated in the State of South Carolina with its principal place of business in Sunset, South Carolina. Defendants deny the remaining allegation in Paragraph 12 of the Complaint.

13.      Defendants deny the allegations in Paragraph 13.

14.      Defendants admit only that KRC Golf Group, LLC is a corporation incorporated in the State of South Carolina with its principal place of business in Sunset, South Carolina. Defendants deny the remaining allegation in Paragraph 14 of the Complaint.

2

15.     Defendants deny the allegations in Paragraph 15.

## JURISDICTION AND VENUE

16.     Defendants incorporate their answers and responses to Paragraphs 1 through 15 as if fully set forth herein.

17.     Defendants state that jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, but Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

18.     Defendants state that venue is proper in this Court pursuant to 28 U.S.C. § 1441(a), but Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

## FACTUAL ALLEGATIONS

19.     Defendants incorporate their answers and responses to Paragraphs 1 through 18 as if fully set forth herein.

20.     Defendants admit only that The Reserve at Lake Keowee is a 3,900-acre private waterfront golf and boating community located northern region of Lake Keowee. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint, and therefore, deny the same.

21.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore, deny the same.

22.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore, deny the same.

23.     Defendants deny the allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore, deny the same.

26.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore, deny the same.

27.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore, deny the same.

28.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore, deny the same.

29.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore, deny the same.

30.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore, deny the same.

31.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore, deny the same.

32.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore, deny the same.

33.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore, deny the same.

34.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore, deny the same.

35.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and therefore, deny the same.

36.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and therefore, deny the same.

37. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and therefore, deny the same.

38. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore, deny the same.

39. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and therefore, deny the same.

40. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and therefore, deny the same.

41. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and therefore, deny the same.

42. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and therefore, deny the same.

43. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, and therefore, deny the same.

44. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint, and therefore, deny the same.

45. Defendants deny that they employed Plaintiffs, and, therefore, Defendants deny that "Plaintiffs worked for Defendants." Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 of the Complaint, and therefore, deny the same.

46. Defendants did not employ Plaintiff Vanz, and, therefore, did not direct, instruct, or assign any work to Plaintiff Vanz. Defendants lack knowledge and information sufficient to

5

form a belief as to the truth of the remaining allegations in Paragraph 46 of the Complaint, and therefore, deny the same.

47. Defendants did not employ Plaintiff Vanz, and, therefore, did not direct, instruct, or assign any work to Plaintiff Vanz. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint, and therefore, deny the same.

48. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and therefore, deny the same.

49. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and therefore, deny the same.

50. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and therefore, deny the same.

51. Defendants did not employ Plaintiff Nunes, and, therefore, Defendants deny that they instructed Plaintiff Nunes to travel to any location, to evaluate any properties owned by Defendants, or assigned Plaintiff Nunes any job duties. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 of the Complaint, and therefore, deny the same.

52. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, and therefore, deny the same.

53. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and therefore, deny the same.

54. Defendants admit only Timothy Boeve is the General Manager for The Reserve at Lake Keowee. Defendants deny that Mr. Boeve had the authority to direct Plaintiffs' work or

6

exercised any similar authority. Defendants deny the remaining allegation in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint, and therefore, deny the same.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants deny the allegations in Paragraph 63.

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

68.     Defendants deny the allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint, and therefore, deny the same.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint, and therefore, deny the same.

74.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint, and therefore, deny the same.

75.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint, and therefore, deny the same.

76.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint, and therefore, deny the same.

77.     Defendants deny the allegations in Paragraph 77.

78.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint, and therefore, deny the same.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint, and therefore, deny the same.

**FIRST CLAIM FOR RELIEF**
Violation of the North Carolina Wage and Hour Act
(Failure to Pay Wages Earned)

81.     Defendants incorporate their answers and responses to Paragraphs 1 through 80 as if fully set forth herein.

82.     Defendants deny the allegations in Paragraph 82.

83.     Defendants deny the allegations in Paragraph 83.

84.     Defendants deny the allegations in Paragraph 84.

8

85.     The allegations in Paragraph 85 of the Complaint are a statement of law to which no response is required. Defendants deny that they violated the North Carolina Wage and Hour Act.

86.     The allegations in Paragraph 86 of the Complaint are a statement of law to which no response is required. Defendants deny that they violated the North Carolina Wage and Hour Act.

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants deny the allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89.

90.     Defendants deny the allegations in Paragraph 90.

91.     Defendants deny the allegations in Paragraph 91.

**SECOND CLAIM FOR RELIEF**
Breach of Contract
(Failure to Pay Money Owed Under the Compensation Agreements)

92.     Defendants incorporate their answers and responses to Paragraphs 1 through 91 as if fully set forth herein.

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants deny the allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

**THIRD CLAIM FOR RELIEF**
Breach of Duty of Good Faith and Fair Dealing

97.     Defendants incorporate their answers and responses to Paragraphs 1 through 96 as if fully set forth herein.

98.     Defendants deny the allegations in Paragraph 98.

99.     Defendants deny the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

Having answered Plaintiffs' Complaint, Defendants state that any allegation not expressly admitted is hereby denied, deny that Plaintiffs are entitled to any relief whatsoever, ask that Plaintiffs' prayer for relief be denied, and request that all costs and attorneys' fees incurred by the defense of this matter be awarded to Defendants.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to and without waiving any prior objections, answers or defenses, and without accepting the burden of proof on the matters, Defendants state the following affirmative and other defenses:

1.     Plaintiffs had no employment relationship with the Defendants.

2.     Plaintiffs' claims are frivolous, unreasonable and groundless, and accordingly, Defendants reserve the right to seek attorneys' fees and costs associated with the defense of this action.

3.     Plaintiffs' claims fail to state a claim upon which relief can be granted.

4.     Defendants acted at all times in good faith and without malice or any ulterior purpose.

5.     At all times relevant to this suit, Defendants acted in good faith with regard to Plaintiffs and had reasonable grounds for believing its actions were not in violation of any law or public policy of North Carolina.

6.     Defendants did not violate the North Carolina Wage and Hour Act.

7.      Plaintiffs' claims are barred because Defendants did not employ Plaintiffs during the times relevant to this suit.

8.      Plaintiffs' claims are barred because Defendants were not parties to any compensation agreement, employment agreement, or other contacts with Defendants.

9.      Plaintiffs' claim is barred by the doctrine of unclean hands.

10.     Plaintiffs' claim is barred by the equitable doctrine of laches.

11.     Plaintiffs' claim is barred by the equitable doctrine of estoppel.

12.     Any damages Plaintiffs claim to have sustained are speculative, unsupported and/or were caused by Plaintiffs' own acts or omissions.

13.     Defendants' acts and omissions were at all times motivated by legitimate business interests and/or purposes.

14.     To the extent such evidence is discovered, some or all of the Complaint may be barred by the after-acquired evidence doctrine.

15.     Plaintiffs have the duty to mitigate any alleged losses, their entitlement to recovery for which is expressly denied, and any claim for relief must be set off and/or reduced by wages, commissions, compensation, pay and benefits, other earnings or remunerations, profits, and benefits regardless of form received by Plaintiffs or which were earnable or receivable with the exercise of reasonable diligence by Plaintiffs.

16.     To the extent Plaintiffs have failed to exercise reasonable diligence to mitigate their alleged damages by seeking and obtaining other comparable employment, they are barred from recovery.

17.     Defendants reserve the right to amend this Answer and assert such additional affirmative and other defenses as may be revealed during discovery.

This the 14th day of April, 2023.

/s/ Evan R. Dancy
Benjamin P. Fryer, NC Bar No. 39254
bfryer@fordharrison.com
Evan R. Dancy, NC Bar No. 54801
edancy@fordharrison.com
FORDHARRISON LLP
6000 Fairview Road, Suite 1415
Charlotte, NC 28210
Telephone: 980-282-1900
Facsimile: 980-282-1949

*Attorneys for Reserve Ownership Group LLC,*
*Keowee River Club, LLC and KRC Golf Group, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all parties by placing a copy of same in the United States Mail, with the correct amount of postage affixed thereon and properly addressed to:

Christopher R. Bagley
Law Offices of James Scott Farrin
555 S. Mangum Street, Suite 800
Durham, NC 27701
*Attorneys for Plaintiff*

Simeon Ramsden
111 Brickwell Ave., Floor 10
Miami, FL 33131

Kipling Ventures Holding Co LLC
c/o Incorporating Services, LTD, Reg. Agent
3500 S Dupont Hwy
Dover, DE 19901

Kipling Reserve LLC
c/o Agents and Corporations, Inc., Reg. Agent
1201 Orange St., Suite 600
One Commerce Center
Wilmington, DE  19801

*/s/ Evan R. Dancy*
Evan R. Dancy